IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 0 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-02079-CBS

MARQUISE D. HARRIS,

      Plaintiff,

v.

THE CITY & COUNTY OF DENVER,
MICHAEL B. HANCOCK, Mayor,
JOHN HICKENLOOPER, Governor,
GERALD WHITMAN, Chief,
DAVE FISHER, Division Chief,
CHARLES GARCIA, Safety Manager,
SCOTT SNOW, Director (victim/witness assistance),
MITCHELL R. MORRISSEY, District Attorney,
TIM TWINING, District Attorney,
STEVE SIEGEL, District Attorney,
RICHARD B. HARRIS, Detective,
MIKE MILLS, Director Crime Stoppers, and
DAVE BELOUE, Assistant Director (Crime Stoppers),

      Defendants.

## SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff, Marquise D. Harris, initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. #2) and a Petition for Writ of Mandamus (Doc. #1). On August 15, 2011, Magistrate Judge Boyd N. Boland entered an order directing Mr. Harris to cure certain deficiencies in this action within thirty days. More specifically, Magistrate Judge Boland directed Mr. Harris to file a Complaint using the court-approved Complaint form and to provide an address for each named Defendant in the Complaint. With respect to the Motion and Affidavit for Leave

to Proceed Pursuant to 28 U.S.C. § 1915, Magistrate Judge Boland advised Mr. Harris that the affidavit he submitted was not notarized or was not properly notarized. Also on August 15, Mr. Harris submitted an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. #4) in which the affidavit is notarized. Therefore, the only remaining deficiencies are Plaintiff's failure to file a pleading on the court-approved Complaint form and his failure to provide an address for each named Defendant.

On August 30, 2011, Mr. Harris filed a document titled "Plaintiff Motion for Recusal" (Doc. #6) in which he asked Magistrate Judge Boland to recuse. Mr. Harris also argues in the "Plaintiff Motion for Recusal" that the Petition for Writ of Mandamus is not deficient because he is not required to use the court-approved complaint form to file a mandamus petition. On September 7, 2011, Magistrate Judge Boland entered an Order of Recusal and the case was reassigned.

Mr. Harris has not filed a Complaint on the court-approved form and he has not provided an address for each named Defendant. His argument that he is not required to use the court-approved Complaint form lacks merit because the Court's local rules require *pro se* parties to "use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A. Furthermore, the court-approved general Complaint form is not limited to use in civil rights actions. Therefore, Mr. Harris will be given one more opportunity to cure the remaining deficiencies if he wishes to pursue his claims in this action. In order to cure the remaining deficiencies, Mr. Maunz must file a pleading using the court's general Complaint form and he must provide an address for each named Defendant. Accordingly, it is

ORDERED that Mr. Harris cure the remaining deficiencies in this action **within thirty (30) days from the date of this order.** It is

FURTHER ORDERED that, if Mr. Harris fails to cure the remaining deficiencies within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 20th day of September, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02079-CBS

Marquise D Harris
PO Box 25727
Colorado Springs, CO 80397

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 20, 2011.

                        GREGORY C. LANGHAM, CLERK

          By: _____
                            Deputy Clerk